IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMACIO FULCHER,<br><br>              Plaintiff,<br><br>    v.<br><br>LIBERTY MUTUAL FIRE INSURANCE<br>COMPANY, LIBERTY MUTUAL GROUP,<br>and, DOES 1 through 50, inclusive,<br><br>              Defendants. | 02:05-cv-1746-GEB-DAD<br><br><br><br>ORDER[*] |

Defendants removed this action from California state court under 28 U.S.C. § 1441(b) alleging the existence of diversity jurisdiction. Plaintiff moves to remand the action to state court because Defendant has not shown that the amount in controversy meets the jurisdictional threshold. For the reasons set forth below, Plaintiff's motion is granted.

After a prior removal and remand, Plaintiff amended his complaint in state court to specify he was seeking a judgment not to exceed $74,999.99. Despite that specific request for relief, Defendants removed this action based upon Plaintiff's verified

---

[*] This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

response to interrogatory 7.1(c).[1]  Assuming, as the parties have, that a verified response to an interrogatory qualifies as "other paper" making this action removable under 28 U.S.C. § 1446(b), the question is whether that response establishes, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold.  Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003)("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold.")

While the response to interrogatory 7.1(c) does include the words "exceed $75,000.00" the response is insufficient to establish that the amount in controversy meets the jurisdictional threshold by a preponderance of the evidence.  Taken as a whole, the response indicates that the amount of damage is an "estimated" figure and that Plaintiff has yet to obtain "an estimate" as to the actual damage from the original home builder.  There is a chance that the amount in controversy will be more than $75,000 but at this juncture Plaintiff's equivocal response is not sufficient to establish diversity

---

[1]   The interrogatory and response are as follows.

7.1 Do you attribute any loss of or damage to a vehicle or other property to the INCIDENT?  If so, for each item of property:
 ***
(c) state the amount of damage you are claiming for each item of property and how the amount was calculated . . .

(c) The amount of the damage is estimated to exceed $75,000. Plaintiff is working on obtaining an estimate from the builder of the residence, JTS Homes, and will produce same [sic] when the information is produced to the Plaintiff from JTS Homes.

Case 2:05-cv-01746-GEB-DAD   Document 15   Filed 10/28/05   Page 3 of 3

jurisdiction.  This is especially true given the rule that where there is doubt as to the right to remove, the case should be remanded to state court.  <u>Matheson</u>, 319 F.3d at 1090.  Therefore, Plaintiff's motion to remand is granted.

       IT IS SO ORDERED.

Dated:  October 26, 2005

<u>/s/ Garland E. Burrell, Jr.</u>
GARLAND E. BURRELL, JR.
United States District Judge